UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRAD MEISEL,

       Plaintiff,     <u>MEMORANDUM AND ORDER</u>

 -against-         CV 11-2473 (LDW) (GRB)

COUNTY OF NASSAU, *et al.*,

       Defendants.
------------------------------------------------------------X
WEXLER, District Judge

  Plaintiff Brad Meisel ("Meisel") brings this action against defendants County of Nassau ("Nassau County"), Nassau County Supervisor Edward Mangano ("Mangano"), and Nassau County Attorney John Ciampoli ("Ciampoli") claiming that he was terminated from his employment as a deputy county attorney ("DCA") in violation of his First Amendment right of intimate association. Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Meisel opposes the motion.

  Meisel argues that the evidence is sufficient for a jury to find that his termination violated his First Amendment right of intimate association. *See Adler v. Pataki*, 185 F.3d 35, 44 (2d Cir. 1999). In this respect, he maintains that the evidence shows that he was terminated in retaliation for his relationship with his mother, Esther Miller (also a former DCA), who with two other former DCAs brought a lawsuit against Nassau County and Ciampoli (concerning health insurance contributions) approximately one week before Ciampoli's decision to terminate Meisel. Defendants maintain that the evidence is insufficient to show that Ciampoli knew of Meisel's relationship to Miller, or that

Miller's participation in the lawsuit was the basis for his termination; rather, they maintain that Meisel was terminated due to a downsizing and reorganization in the Nassau County Attorney's Office. In addition, defendants maintain that the evidence is not sufficient to show that Mangano was involved in the decision to terminate Meisel.

Upon consideration, the Court finds that genuine disputes of material fact exist as to the claims against Nassau County and Ciampoli, precluding the entry of summary judgment. *See* Fed. R. Civ. P. 56(a) (party seeking summary judgment must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1223-24 (2d Cir. 1994). However, the evidence is not sufficient to show that Mangano was involved in the decision to terminate Meisel. Accordingly, the complaint is dismissed as against Mangano.

Accordingly, defendants' motion for summary judgment is granted in part and denied in part. It is granted as to Mangano and denied as to Nassau County and Ciampoli.

SO ORDERED.

                                                                  /s/
                                        LEONARD D. WEXLER
                                        UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 7, 2013